UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **QUADEERAH CAMPBELL,** | Civil Action No. 21-8301 (FLW)(LHG) |
| Plaintiff, | |
| v. | |
| **INDIGO-CELTIC BANK,** | REPORT & RECOMMENDATION TO DISMISS WITH PREJUDICE |
| Defendant. | |

The Court has reviewed this matter *sua sponte* because of Plaintiff's failure to appear for an Initial Conference or a subsequently scheduled conference. For the reasons that follow, it is respectfully recommended this case be DISMISSED WITH PREJUDICE.

**I.    Background**

Plaintiff, a *pro se* individual, filed her Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section, Mercer County, on February 19, 2021, alleging that Defendant had caused her financial injury and seeking "removal of derogatory debt from all 3 credit bureaus," as well as $842 in damages. *See* Summons and Complaint [Docket Entry No. 1-1]. Defendant removed the action to this Court on April 5, 2021. [Docket Entry No. 1].

By Order dated July 8, 2021, an Initial Conference was scheduled to take place on August 10, 2021 at 3:30 p.m. (the "July 8 Order") [Docket Entry No. 4]. In addition to the Clerk's Office sending a copy of the July 8 Order to Plaintiff via first class mail, the Court instructed Defendant's counsel to also advise Plaintiff of the Initial Conference and to provide her with the dial-in information. Defendant's counsel later certified that he had sent a copy of the July 8 Order to Plaintiff via both regular mail and email on July 8, 2021. [Docket Entry No. 7]. He again sent Plaintiff notice on July 28, 2021, by both regular mail and email, when he sent her Defendant's

Rule 26 disclosures and a proposed joint discovery plan. *Id*. He again notified her of the Initial Conference scheduled to take place on August 10 by email dated August 8. According to Defendant's counsel, Plaintiff did not respond to any of his correspondence.

Plaintiff did not appear for the August 10 Initial Conference, nor did she reach out to the Court to ask that it be adjourned to a more convenient time.

To give Plaintiff another opportunity to appear, or in case she had not actually received notice of the conference, the Court rescheduled the Initial Conference to take place on September 1, 2021 at 1:30 p.m. Once again, the Court issued an Order setting the date. *See* Letter Order dated August 11, 2021 (the "August 11 Order") [Docket Entry No. 6]. Again, in addition to the Clerk's Office sending a copy of the August 11 Order to Plaintiff by first class mail, the Court instructed Defendant's counsel to also provide Plaintiff with a copy of the August 11 Order, along with the Court's dial-in information, by regular and certified mail, as well as by email. *Id*. Defendant's counsel certified that he did so on August 11, 2021. [Docket Entry No. 7]. Defendant's counsel further certified that he had received no communication from Plaintiff regarding the initial conference as of August 31, 2021. *Id*.

This Court convened the conference at 1:40 p.m. on September 1 and waited until 1:54 p.m. Plaintiff did not appear. Counsel for Defendant put on the record his many efforts to reach Plaintiff, including a telephone call while the conference was pending. Plaintiff did not answer his call and he was unable to leave a message because the mailbox had not been activated. He advised the Court that the address, email address, and telephone numbers were the same ones he had used successfully to communicate with Plaintiff while the case was pending in State Court.

**II.     Analysis**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for the failure to provide discovery, obey court orders and/or prosecute a case. *See* Fed. R. Civ. P. 37(b)(2),

41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), which include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

Here, the Court considers the *Poulis* factors in determining whether to recommend dismissal. For the reasons that follow, the Court recommends a finding that under the circumstances presented here, the *Poulis* factors support dismissal of this matter with prejudice.

1. **Plaintiff's Personal Responsibility:** Given that Plaintiff is *pro se*, the blame for her failure to comply with the Court's orders and appear for the Initial Conference, as originally noticed or as rescheduled, lies solely with Plaintiff. As such, the Court finds this factor weighs in favor of dismissal.

2. **Prejudice to Defendant:** Plaintiff's failure to comply with the Orders has prejudiced Defendant. Defendant has borne the expense of having counsel appear for both the August 10 and the September 1 conferences, as well as undertake service of the Orders, and prepare and file a Certification of Service. Defendant also prepared and served a proposed joint discovery plan. Plaintiff initiated this action and has done nothing to move this case forward since it was removed to this Court, despite Orders requiring her to take specific action. Plaintiff's repeated failure to appear supports dismissal of this

matter. *See Miseo v. Rodogiannis,* Civ. No. 16-8194, 2017 WL 2539408 (D.N.J. June 12, 2017).

3. **History of Dilatoriness:** As of the date of this Report and Recommendation, Plaintiff has not appeared for two conferences despite repeated efforts to contact her and notify her of her obligation to do so, nor has she offered any explanation for her failure to appear. Plaintiff has simply ignored the Court's July 8 and August 11 Orders. She has not responded to Defendant's efforts to contact her, nor has she reached out to this Court; her refusal to comply with the Court's Orders or participate in Court mandated activities without explanation supports the dismissal of her claims with prejudice.

4. **Willfulness or Bad Faith:** The Court does not on this record find that Plaintiff has proceeded in bad faith. The Court does, however, find that Plaintiff's conduct appears to be willful, based on the record of Plaintiff's failure to comply with the Court's Orders despite due notice of her obligations. *See Barney v. Gloucester Twp. Police Dep't,* Civ. No. 19-19310, 2020 WL 6216948, at *3 (D.N.J. June 27, 2020) (noting that the consistent failure to obey court orders will, at a minimum, qualify as willful for purposes of the fourth *Poulis* factor). It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:** The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile. On the facts presented here, the Court finds that no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, Civ. No. 09-2460, 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances, the Court recommends that dismissal of Plaintiff's claims with prejudice is warranted. Plaintiff has refused to appear for the Initial Conference on two occasions. The Court previously warned Plaintiff that failure to appear for the September 1 conference could result in dismissal of the case. On the whole, Plaintiff's actions demonstrate a pattern of non-compliance with her obligations under the Federal Rules of Civil Procedure, a failure to prosecute this matter, and a disregard for the Orders of this Court. As a result, the undersigned respectfully recommends that this matter be dismissed with prejudice.

### III. Conclusion

The Court, having considered this matter pursuant to L. Civ. R. 78.1(b), having given consideration to the *Poulis* factors, and for good cause shown,

On this **17th** day of **September, 2021**,

RESPECTFULLY RECOMMENDS that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have fourteen (14) days from the date of this Report and Recommendation to file and serve objections to the proposed findings and recommendations. Failure to timely object may substantially limit appellate review. *See EEOC v. Long Branch*, 866 F.3d 93, 100 n.3 (3d Cir. 2017).

_____
**LOIS H. GOODMAN**
**United States Magistrate Judge**